UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

IAN MICAEL RYAN,                                          Case No. 3:16-cv-0565-AC

        Plaintiff,                                       OPINION AND ORDER

      v.

CITY OF SALEM and OFFICER TREVOR
MORRISON,

        Defendants.
_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Ian Micael Ryan ("Ryan") brings this lawsuit under 42 U.S.C. § 1983 against

defendants City of Salem ("the City") and Officer Trevor Morrison ("Morrison") (collectively,

"Defendants"). Defendants move to bifurcate the trial of Ryan's individual § 1983 claim against

Morrison from his claim for municipal liability under *Monell v. Department of Social Services*, 436

U.S. 658 (1978) against the City. (ECF No. 56.) For the reasons that follow, the court denies

Defendants' motion.

/ / / / /

*Background*

Ryan initiated this lawsuit in April, 2016, alleging Morrison released a police dog into his apartment while Ryan slept. (Compl. (ECF No. 2) ¶ 1.) Ryan argues Morrison's use of the police dog constituted excessive force in violation of the Fourth Amendment. (*Id.* ¶ 28.) Ryan also asserts a claim against the City under *Monell*, based on the City's alleged deliberately indifferent policies regarding the use of police dogs. (*Id.* ¶¶ 32–34.) This lawsuit is scheduled for a 4-day jury trial, to begin on June 27, 2017. (Jury Trial Management Order, ECF No. 55.) The court held a scheduling conference on February 6, 2017, setting dates for trial and pretrial document filings. (ECF Nos. 54, 55.) Defendants did not raise the issue of bifurcation during the February 6 scheduling conference, or at any time prior to filing their motion to bifurcate on April 20, 2017. (ECF No. 56.) Ryan opposes the motion. (ECF No. 59.)

*Legal Standard*

Under Federal Rule of Civil Procedure ("Rule") 42(b), "the court may order a separate trial of one or more separate issues, claims, crossclaims, or third-party" for "convenience, to avoid prejudice, or to expedite and economize" the proceedings. The drafters of the Federal Rules did not intend the routine bifurcation of trials. FED. R. CIV. P. 42(b) advisory committee's note to 1966 amendment. The moving party has the burden to prove that bifurcation is appropriate. *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 150 F. Supp. 3d 1184, 1208 (D. Or. 2015) (Simon, J.) (citing *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009). The court has broad, discretionary authority to bifurcate claims or issues. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Bifurcation may not violate the right to jury trial. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961–62 (9th Cir. 2001).

*Analysis*

Defendants seek to separate for trial Ryan's individual § 1983 claim against Morrison and his *Monell* claim against the City. Bifurcation, Defendants argue, is appropriate because of judicial efficiency, possible prejudice, and jury confusion. Ryan contends Defendants have not met their burden of proof, and therefore bifurcation is not warranted.

I. Judicial Efficiency.

Defendants argue bifurcation would further judicial efficiency because the individual claim is potentially dispositive of the *Monell* claim. Some courts have bifurcated § 1983 claims for judicial-efficiency purposes under similar circumstances. *See, e.g.*, *Estate of Lucas v. Suhr*, No. 15-CV-01846-HSG, 2016 WL 1639547, at *6 (N.D. Cal. Apr. 26, 2016) (bifurcating individual and *Monell* § 1983 claims); *Boyd v. City & Cty. of San Francisco*, No. C-04-5459 MMC, 2006 WL 680556, at *2 (N.D. Cal. Mar. 14, 2006) (same). The judicial-efficiency rationale for bifurcating an individual claim from a *Monell* claim is the potential for saving time in the event of a defense verdict on the individual claim. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (a *Monell* claim requires an underlying constitutional violation). Beyond establishing that courts have bifurcated claims for municipal and individual § 1983 liability, however, Defendants do not show a basis for doing so in this particular case. Instead, the posture of this case weighs against bifurcation.

The parties agreed at the pre-trial conference that four days were sufficient for trial. In light of the relatively small amount of time needed to try the entire case, bifurcation is unlikely to meaningfully serve judicial efficiency. The amount of time saved in the event of a defense verdict in the first trial would be nominal. If a jury finds that there was a constitutional violation, the second phase of trial would likely result in a longer aggregate time for trial than would a single trial on both

claims. *See Martinez v. City of Oxnard*, CV 98-9313 FMC, 2005 U.S. Dist. Lexis 32189, at * 17–18

(C.D. Cal. June 23, 2005) (noting that bifurcated trials on *Monell* claims consume more judicial

resources if the jury finds a constitutional violation in the first trial).

Moreover, Ryan's theory of the case is conducive to a single trial. Ryan argues that

Morrison's use of a police dog was unreasonable because Ryan was, at most, hiding — not fleeing,

physically resisting arrest, or otherwise posing a risk of injury to others. Ryan also asserts that the

City's policies allowed using a police dog under such circumstances, giving rise to his *Monell* claim.

The City appears to agree that its policy allows using a police dog to arrest a hiding suspect. (Decl.

of Jesse Merrithew (ECF No. 60), Ex. 2 at 29:19–31:8.) The evidence of what Morrison did in this

case and what the City's policy allowed are therefore closely intertwined. *Cf. Wilkins v. City of*

*Oakland*, No. C 01-1402 MMC, 2006 WL 305972, at *1 (N.D. Cal. Feb. 8, 2006) (ordering

bifurcation because "the evidence relevant to the claims against the individual officers does not

overlap in any meaningful way with the evidence relevant to the municipal liability claim").

Accordingly, Defendants' judicial-efficiency argument does not support bifurcation here.

II. Prejudice.

Defendants also seek bifurcation based on undue prejudice. Rule 42(b) lists avoiding

prejudice as a reason for bifurcation. In § 1983 claims with individual and municipal defendants,

the evidence supporting *Monell* liability may be prejudicial to the individual defendant. For

example, in an excessive-force case arising in a county jail, the allegations supporting the *Monell*

claim against the county included incidents that occurred more than twenty years before the relevant

use of force, a "culture of cruelty," and past court orders and consent decrees regarding the jail.

*Atencio v. Arpaio*, No. CIV. 12-2376-PHX-PGR, 2013 WL 5327382, at *4–5 (D. Ariz. Sept. 24,

2013). The *Atencio* court ordered bifurcation based on undue prejudice because proof of the *Monell*

allegations might encourage a jury to decide the case based on the past violations, not the evidence

of the incident at issue. *Id.* at *5. A court also bifurcated individual and municipal § 1983 claims

based on a police-dog attack where the plaintiff sought to show a constitutional violation in his case

"using evidence of attacks more severe than his own." *Quintanilla v. City of Downey*, 84 F.3d 353,

356 (9th Cir. 1996) (describing the procedural posture of the case, as the plaintiff did not appeal the

propriety of bifurcation). The *Quintanilla* court relied in part on the prejudice to the individual

defendants when ordering separate trials. *Id.*

In sum, courts may order separate trials where the evidence supporting the *Monell* claim is

likely to cause undue prejudice to the individual defendants. Here, Defendants must show that

evidence of the City's police-dog policy will cause unfair prejudice to Morrison. In both *Atencio* and

*Quintanilla*, specific types or items of evidence were likely to have an unfair impact on the

individual claims. *See Quintanilla*, 84 F.3d at 356 (evidence of attacks more severe than the attack

at issue, graphic photographs of injuries, summaries of third-parties' medical treatment due to other

attacks), *Atencio*, 2013 WL 5327382, at *4 (evidence of a "culture of cruelty" and more than twenty

years of similar excessive-force incidents). Here, Defendants' only specific argument for prejudice

is the possibility of evidence of "bad acts" by the City. (Mot. at 4.) The evidence Defendants rely

on, however, is less prejudicial than the evidence in *Quintanilla* and *Atencio*.

Ryan and Defendants have filed the exhibits which they intend to use at trial. (ECF Nos. 68,

71.) Ryan intends to offer written use-of-force reports documenting other police-dog bites , without

photographs or videos of bites and injuries, and written City policy documents. (ECF No. 71, Exs.

15–21). Although a limiting instruction is not always sufficient to "mitigate the prejudicial impact

of evidence," the evidence of other police-dog bites offered here is not so prejudicial that a limiting instruction could not cure any resulting prejudice to Morrison. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603–04 (9th Cir. 2016) (holding that a limiting instruction was insufficient to cure the severe prejudicial impact of evidence of drug use and gang activities in an excessive-force case). Written accounts of police-dog bites and written policy documents are not the type of highly prejudicial evidence warranting bifurcation. *Cf. id.* (photos of decedent posing with firearms and making gang signs, expert testimony regarding the "activities and customs of gangs," the decedent's criminal history, and speculative medical testimony regarding methamphetamine intoxication); *see also Quintanilla*, 84 F.3d at 356 (photographs and medical records showing dog-bite injuries more severe than those of the plaintiff).

The court therefore concludes that a limiting instruction will likely be sufficient to mitigate any prejudice to Morrison that may result from Ryan's *Monell* evidence. Defendants' remaining prejudice argument, that Ryan may suffer prejudice if the jury misunderstands the verdict form, is not credible and does not merit further discussion. Undue prejudice therefore does not support bifurcation.

III.  Jury Confusion.

Defendants also argue that bifurcation is necessary to avoid confusing the jury on two issues. First, Defendants contend the jury may confuse the factual accounts of past police-dog bites with the incident giving rise to this case. Second, Defendants are concerned that evidence of the City's policies might lead a jury to apply the City's policies to Morrison's conduct, rather than the Fourth Amendment. Neither contention merits separate trials. Trial will be relatively short, minimizing the potential for the jury to confuse the *Monell* evidence of past bites with the incident at issue. The

court is confident in the jury's ability to follow the court's instructions and apply the Fourth Amendment to Morrison's conduct.

IV.  Delay.

Defendants' delay in seeking separate trials also weighs against bifurcation.  Defendants have been aware of this case for nearly two years.  There is no apparent reason — and Defendants offer none — why Defendants could not have sought bifurcation at the pre-trial scheduling conference, or earlier that April 20, 2017, two months before trial and one months before the parties' initial pretrial documents were to be filed. Such unexplained delay further supports denying Defendants' motion.

*Conclusion*

Defendants' Motion to Bifurcate the *Monell* Claim (ECF No. 56) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of June, 2017.

/s John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge