UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IAN MICEAL RYAN, | Case No. 3:16-cv-0565-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CITY OF SALEM and OFFICER TREVOR MORRISON, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Before the court is defendants City of Salem and Officer Trevor Morrison's (collectively, "Defendants") cost bill. (ECF No. 122.) Plaintiff Ian Miceal Ryan ("Ryan") initiated this lawsuit in 2016, alleging civil-rights violations. (ECF No. 2.) The court entered a judgment dismissing Ryan's complaint based on a jury verdict (ECF No. 119) in favor of Defendants on all claims. (ECF No. 121.) Defendants, as prevailing parties, seek to recover $1,905.05 in costs. (ECF No. 122, at 1.) Ryan objects to any award of costs because of his indigency and the chilling effect of taxing costs against a civil-rights litigant. For the reasons explained below, Defendants' bill of costs is

DENIED.[1]

*Background*

Ryan initiated this lawsuit in 2016, alleging that Officer Trevor Morrison ("Morrison") used excessive force when arresting Ryan in 2014. (Compl. (ECF No. 2) ¶ 1.) Morrison used a police dog to arrest Ryan. (*Id.*) Ryan was self-represented when he filed this lawsuit. (Compl. at 6.) He has proceeded *in forma pauperis* throughout this lawsuit. (ECF No. 5.) The court attempted to appoint pro bono counsel to represent Ryan, without success. (ECF Nos. 8, 12, 19, 26, 30.) Ryan eventually obtained counsel. (ECF No. 42.) Following a four-day trial, a jury concluded that Morrison had not used unconstitutionally excessive force to arrest Ryan. (ECF No. 119.)

In his application for *in forma pauperis* status, Ryan represented under oath that he had no savings or assets, was "wholly dependent on public assistance for housing, transportation, and other basic expenses," and owed approximately $41,000 in child support and various court fees and fines. (ECF No. 1 at 1–2.) The evidence and testimony presented at trial was consistent with Ryan's sworn representation of his financial status.

*Legal Standard*

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mex.–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The types of costs that courts may award under Rule 54(d) are enumerated in 28 U.S.C. §§ 1920 and 1821. District courts have

---

[1] The parties have consented to jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(i).

discretion to refuse or reduce an award of costs, but must provide a reason for doing so. *Escriba v. Foster Poultry Farms, Inc.*, 743 F. 3d 1236, 1247–48 (9th Cir. 2014). The Ninth Circuit identifies the following a non-exhaustive list of reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* (citing *Ass'n of Mex.–Am. Educators*, 231 F.3d at 592–93). The factors are only a starting point for analysis, and do not require any specific conclusion. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

*Analysis*

Ryan does not contest any specific item in Defendants' bill of costs. Instead, Ryan argues public policy warrants denying Defendants' bill of costs in full. Ryan first asserts that he is indigent, rendering any award of costs inequitable. Second, Ryan contends that an award of costs would have a chilling effect on future civil-rights litigants. The court concludes that Ryan's financial circumstances are independently sufficient to rebut the presumption in favor of taxing costs.

Taxing costs is inappropriate where the award would render a party indigent, considering a party's financial resources. *Escriba*, 743 F.3d at 1248; *Stanley v. Univ. of S. Cal.*, 178 F.3d at 1079. For example, awarding costs was an abuse of discretion against a plaintiff who was incarcerated, unemployed, had no bank account, assets, or other income, and owned thousands of dollars in restitution. *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016). The Ninth Circuit held that the plaintiff's indigency was independently sufficient to rebut the presumption in favor of taxing costs. *Id.* Ryan's circumstances are similar to those of the plaintiff in *Draper*. He has no assets, no income other than government assistance, and substantial debts. Ryan's current financial circumstances

demonstrate that any award of costs would only exacerbate his present indigency.

Accordingly, the court exercises its discretion to deny Defendants' bill of costs based on Ryan's limited financial resources. The court therefore need not reach Ryan's alternative basis for opposing taxation of costs.

*Conclusion*

Defendants' Bill of Costs (ECF No. 122) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of August, 2017.

```
_____
         JOHN V. ACOSTA
     United States Magistrate Judge
```